Tollefsen v 231-235 E. 53rd St. LLC
2026 NY Slip Op 03932
June 23, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

Mariam Tollefsen, Respondent,
v
231-235 East 53rd Street LLC, Appellant. (And Third-Party Actions.)

Decided and Entered: June 23, 2026
Index No. 155020/21, 595209/22, 596053/23|Appeal No. 6939|Case No. 2025-05589|
Before: Renwick, P.J., Scarpulla, González, Rodriguez, O'neill Levy, JJ.

Horn Appellate Group, Brooklyn (Ross S. Friscia of counsel), for appellant.
DeToffol & Gittleman, New York (Joshua Gittleman of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Richard Tsai, J.), entered August 18, 2025, which denied defendant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, without costs.
Plaintiff alleges that she tripped and fell because of a sidewalk defect immediately next to a ventilation grate located in the sidewalk abutting defendant's premises. There is no dispute that the City of New York (the second third-party defendant in this action), owned and was responsible for maintaining the grate.
Supreme Court correctly found issues of fact as to whether defendant caused or created the defect involved in plaintiff's accident. In her opposition to defendant's motion, plaintiff submitted the report of her expert architect, who asserted that the defect was caused by the "massive granite and masonry landing and exterior staircase" that served as the premises' "sole frontal egress." The architect opined that the staircase was too heavy for the sidewalk, leading to the creation of the defect next to the grate. In reply, defendant submitted an affidavit from its expert engineer, who examined the area of plaintiff's accident and opined that in fact, the building's front stairway did not cause or create the defect that caused plaintiff's accident, but rather, that the defect was a maintenance issue caused by deterioration rather than a structural issue. Thus, Supreme Court was left with conflicting expert opinions precluding summary judgment (see e.g. Escolastico v Rigs Mgt. Co., LLC, 232 AD3d 491, 492 [1st Dept 2024]). Whether to credit the opinion of plaintiff's expert architect that defendant caused and created the dangerous condition or instead to credit defendant's expert engineer's opinion to the contrary is a determination properly left to the factfinder.
Contrary to defendant's contention, Supreme Court did not improperly raise the cause-and-create theory of liability sua sponte. Although plaintiff's opposition papers and her architect's report each conflated the cause-and-create issue with the issue of special use, it nevertheless was clear that plaintiff was pursuing both theories of liability, which are distinct from one another (see e.g. Prete v JJ Hoyt LLC, — AD3d —, —, 2026 NY Slip Op 00458, *1 [1st Dept 2026]). Defendant also was aware that plaintiff was pursuing a cause-and-create theory, given that its reply papers attached an expert engineer's affidavit opining that defendant did not in fact cause or create the defect.
[*2]
We reject defendant's argument that plaintiff could not raise an issue of fact without establishing that defendant affirmatively created the defect through some act of misfeasance. Courts have recognized an affirmative negligence exception to the prior written notice rule concerning municipal liability for defective premises conditions, but have generally recognized that exception only in the context of municipal liability (see Gurbanova v City of Ithaca, 45 NY3d 965 [2025]; Hausser v Giunta, 88 NY2d 449 [1996]). To the extent the Second Department has applied the municipal rule to a nonmunicipal defendant, we decline to follow that precedent (see Deborba v City of Rye, 185 AD3d 898, 899 [2d Dept 2020]; see also e.g. Beiner v Village of Scarsdale, 149 AD3d 679, 681 [2d Dept 2017]).
We have considered defendant's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 23, 2026